United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOMESTIKA, INC.,

Plaintiff,

v.

JULIUS WIEDEMANN,

Defendant.

Case No. 26-cv-05644-HSG

**ORDER DENYING MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE**

Re: Dkt. No. 13

Pending before the Court is Plaintiff Domestika, Inc.'s motion for an order authorizing alternative service. Dkt. No. 13. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

Plaintiff initially filed this case against Defendant Julius Wiedemann in June 2026. Dkt. No. 1 ("Compl."). Plaintiff acknowledges that Defendant is a citizen of Brazil, *see id.* at ¶ 6, and seeks authorization to serve him via email, Dkt. No. 13. As Plaintiff acknowledges, Brazil is a signatory to the Hague Service Convention, which requires service of process through Brazil's designated Central Authority. *See id.* at 3. Plaintiff has identified an address for Defendant in Rio de Janeiro, but has not attempted service through the Central Authority and instead proposes to send documents to this address via courier only "as supplemental notice." *See id.* at 2. Plaintiff does not directly explain why alternative service is warranted under the circumstances here. Rather, Plaintiff urges that service under Federal Rule of Civil Procedure 4(f)(3) "stands independently of Rules 4(f)(1) and 4(f)(2)," "and 'is neither a last resort nor extraordinary relief.'" *See id.* at 6–7 (quoting *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). The Court assumes that Plaintiff simply would prefer not to "spend many months attempting Central Authority service." *See id.* at 7.

Although the process to serve Defendant under the Convention may be time-intensive, the Court does not find that alternative service would be appropriate under the circumstances. *Accord Stebbins v. Garcia Baz*, No. 24-CV-00398-LJC, 2024 WL 3447507, at *2–4 (N.D. Cal. July 16, 2024) (rejecting alternative service by email of defendant located in Brazil); *see also* Fed. R. Civ. P. 4(f)(1) (providing for service of an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"). The Court therefore **DENIES** the motion for alternative service in its discretion. Dkt. No. 13. The Court further **DIRECTS** Plaintiff to file a status report of no more than five pages by October 9, 2026, detailing the status of its efforts to serve Defendant. The Court **VACATES** the September 15, 2026, case management conference.

**IT IS SO ORDERED.**

Dated: 9/9/2026

Haywood S. Gilliam, Jr.
HAYWOOD S. GILLIAM, JR.
United States District Judge